On' Rehearing.
BREAUX, C. J.
In the judgment originally rendered in this case, this court affirmed the judgment of the district court.
On the application for a rehearing, the court reaffirmed the judgment and refused the rehearing, except as to the fee of attorney.
Rehearing was granted as to this fee.
The case, after the rehearing had been granted, was reassigned.
As to this fee, the facts are that the attorneys collected the amount which was afterward attached.
Several debtors of the absent debtor, S. F. Martin, against whom attachment had been issued, were made parties to the suit.
To quote the article on the subject (article 250):
“The garnishee may be made party to the suit.”
A writ of garnishment was issued in the attachment proceedings.
Interrogatories were propounded to those who had funds for the debtor, Martin.
Among those who were garnished, and to whom interrogatories were propounded, was Attorney Foster.
He answered the interrogatory propounded.
Further, in regard to this fee, the interveners or creditors in this suit of interven *744 tion allege that the attorneys, Poster and Elam, were entitled to tlieir fee and to a recognition of their privilege on the fund.
On appeal, with consent of parties, the appeal of the intervener, S. I. Poster, garnishee, was consolidated with the appeal in the main suit; i. e., No. 18,466 of the docket of this court was consolidated with No. 17,925.
The parties, it follows, are properly before the court.
The following propositions are presented by plaintiff:
Pirst. While virtually conceding that the failure to traverse garnishee’s answer binds the plaintiff in garnishment, if this be true, is the position of plaintiff, it is only bound by the statement and declaration that he (Poster) has a claim against the $400.
The following is literally the answer:
“Further answering, S. I. Poster and O. W. Elam have a privilege and claim of $400 against said proceeds for attorney’s fees in filing suit and collecting same.”
The answer is infelicitous. It is, none the less, evident that the xrarpose was to recover the $400 as a fee.
The garnishee had other funds in his hands, which he paid.
He was authorized to retain as a set-off any indebtedness due by the fund.
The garnishee is entitled, in estimating the amount of his liability, to the benefit of any set-off which in his hands—
“could be made available by way of set-off in any of the modes provided, if the proceedings were not directly against him by his creditor for the enforcement of his liability.” Am. & Eng. of Law (2d Ed.) vol. 14, p. 845.
In a case somewhat similar to the present the court said:
“This has been accomplished by the plaintiff creditors, who have devoted time, money, and labor to secure this property. The mass of creditors receive the benefits. They must pay for all costs and expenses, including attorney’s fees.” McGraw v. Andrus, 45 La. Ann. 1080, 13 South. 630.
The debtor was insolvent for whose account the sum had been collected by the attorney originally. He had left the state. Iiis right was upon the fund collected through him.
Upon paying over the amount, he had a right to his fee.
This was in effect his answer to the Interrogatories.
For reasons stated, let there be judgment in favor of the garnishee, S. I. Poster, for the sum of $400, with 5 per cent, interest from judicial demand, the said sum to be deducted from larger amount collected by S. I. Poster.
The judgment of the district court and of this court is amended to the extent of allowing this fee to the attorney, and, as amended, the judgment of this court is reaffirmed.